UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD | ) | |
| | ) | |
| Petitioner | ) | No. 25-1043 |
| | ) | |
| v. | ) | |
| | ) | Board Case No. |
| RAFAEL ORTIZ D/B/A ORTIZ JANITORIAL SERVICES | ) | 20-CA-149353 |
| | ) | |
| Respondent | ) | |

JUDGMENT ENFORCING AN ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
Before:   Henderson, Wilkins, and Childs, Circuit Judges

THIS CAUSE came to be heard upon the application of the National Labor Relations Board for entry of a judgment against Rafael Ortiz d/b/a Ortiz Janitorial Services, its officers, agents, successors, and assigns, enforcing its Order dated December 16, 2024, in Case No. 20-CA-149353, reported at 374 NLRB No. 11. The National Labor Relations Board having moved for entry of a default judgment enforcing its Order against Rafael Ortiz d/b/a Ortiz Janitorial Services, and the Court having considered the same, it is hereby

ORDERED AND ADJUDGED by the Court that the said Order of the National Labor Relations Board is hereby enforced and that Rafael Ortiz d/b/a Ortiz Janitorial Services, its officers, agents, successors, and assigns, shall abide by and perform the directions of the Board as set forth in its Order. (See attached Order and Appendices).

_____
Judge, United States Court of Appeals
For the District of Columbia Circuit

_____
Judge, United States Court of Appeals
For the District of Columbia Circuit

_____
Judge, United States Court of Appeals
For the District of Columbia Circuit

NATIONAL LABOR RELATIONS BOARD

v.

RAFAEL ORTIZ D/B/A ORTIZ JANITORIAL SERVICES

## ORDER

Rafael Ortiz d/b/a Ortiz Janitorial Services, San Francisco, California, its officers, agents, successors, and assigns, shall

1. Cease and desist from

    (a) Threatening to discharge employees by telling them they were not going to work anymore because they engaged in the picket.

    (b) Threatening employees with a reduction of work hours because they engaged in union or other protected concerted activities.

    (c) Threatening to discharge employees unless they apologize for engaging in union or other protected concerted activities.

    (d) Threatening employees with unspecified reprisals by telling them to be careful about going to the Union and the San Francisco Living Wage Coalition.

    (e) Interrogating employees about their union or other protected concerted activities, including by asking why they included allegations of sexual harassment in the leaflets distributed during the picket.

    (f) Threatening to initiate a lawsuit against employees in retaliation for their union or other protected concerted activities.

    (g) Demanding that employees produce documentation to establish that they are legally in the United States and are entitled to work, in retaliation for their union or other concerted activities.

    (h) Threatening employees that Respondent OJS would lose its subcontract with Respondent Preferred because they engaged in union or other protected concerted activities.

    (i) Placing employees under surveillance by taking photos and videos of them while they engage in union or other protected concerted activities.

(j) Reminding employees that they have previously been fired, in retaliation for their union or other protected concerted activities.

(k) Asking employees if they know what they are doing, telling them to be careful, and telling them that the contract would be over, in retaliation for their union or other protected concerted activities.

(l) Telling employees that their discharges were the result of their union or other protected concerted activities.

(m) Discharging or otherwise discriminating against employees for engaging in union or other protected concerted activities.

(n) Cancelling contracts and/or subcontracts for janitorial services because employees engaged in union or other protected concerted activities and doing so with the intent and foreseeable effect of chilling the Section 7 activity of the Respondent's remaining employees.

(o) Discharging or otherwise discriminating against employees upon unlawfully cancelling janitorial service contracts and/or subcontracts because employees engage in union or other concerted activities.

(p) In any other manner restraining or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) Within 14 days from the date of this Order, offer Balbina Mendoza, Joel Banegas, Claudia Tapia, Yunuen Useda, Rosa Franco, Zenayda Flores, Juana Cruz, Carlos Cruz, and other similarly situated employees, full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions at any of the Respondent's contracted buildings, without prejudice to their seniority or any other rights or privileges previously enjoyed.

(b) Make Balbina Mendoza, Joel Banegas, Claudia Tapia, Yunuen Useda, Rosa Franco, Zenayda Flores, Juana Cruz, Carlos Cruz, and other similarly situated employees, whole for any loss of earnings and other benefits, and for any other direct or foreseeable pecuniary harms, suffered as a result of their unlawful discharge, in the manner set forth in the remedy section of the judge's decision as amended in this decision.

(c) Compensate Balbina Mendoza, Joel Banegas, Claudia Tapia, Yunuen Useda, Rosa Franco, Zenayda Flores, Juana Cruz, Carlos Cruz, and other similarly situated employees for the adverse tax consequences, if any, of

2

receiving lump-sum backpay awards, and file with the Regional Director for Region 20, within 21 days of the date the amount of backpay is fixed, either by agreement or Board order, a report allocating the backpay awards to the appropriate calendar years for each employee.

(d) File with the Regional Director for Region 20, within 21 days of the date the amount of backpay is fixed by agreement or Board order or such additional time as the Regional Director may allow for good cause shown, a copy of each backpay recipient's corresponding W-2 form(s) reflecting the backpay award.

(e) Within 14 days from the date of this Order, remove from its files any reference to the unlawful discharges, and within 3 days thereafter, notify Balbina Mendoza, Joel Banegas, Claudia Tapia, Yunuen Useda, Rosa Franco, Zenayda Flores, Juana Cruz, Carlos Cruz, and other similarly situated employees in writing that this has been done and that the discharges will not be used against them in any way.

(f) Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this Order.

(g) Post at all of its San Francisco Bay area buildings where it has janitorial service contracts copies of the attached notice marked "Appendix A,"[1]

---

[1] If the buildings involved in these proceedings are open and staffed by a substantial complement of employees, the notice and explanation of rights must be posted and read within 14 days after service by the Region. If the buildings involved in these proceedings are closed or not staffed by a substantial complement of employees due to the Coronavirus Disease 2019 (COVID-19) pandemic, the notice and Explanation of Rights must be posted and read within 14 days after the buildings reopen and a substantial complement of employees have returned to work. If, while closed or not staffed by a substantial complement of employees due to the pandemic, the Respondent is communicating with employees by electronic means, the notice and explanation of rights must also be posted by such electronic means within 14 days after service by the Region. If the notice to be physically posted was posted electronically more than 60 days before physical posting of the notice, the notice

3

and the attached explanation of rights marked "Appendix B," in English and Spanish. Copies of the notice, on forms provided by the Regional Director for Region 20, after being signed by Rafael Ortiz, and copies of the explanation of rights shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, the notices and explanation of rights shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.

(h) Within 14 days after service by the Region, duplicate and mail, at its own expense, copies of the attached notice, marked "Appendix A," and explanation of rights, marked Appendix B, to all janitors who were employed by the Respondent at the Respondent's San Francisco Bay area buildings at any time since October 29, 2014. Copies of the notice, on forms provided by the Regional Director for Region 12, shall bear the signature of Rafael Ortiz and shall be mailed to the last known address of each of the employees.

(i) Within 21 days after service by the Region, file with the Regional Director for Region 20 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

---

shall state at the bottom that "This notice is the same notice previously [sent or posted] electronically on [date]."

4

## APPENDIX A

## NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF
THE UNITED STATES COURT OF APPEALS ENFORCING
AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO
Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities.

WE WILL NOT threaten to discharge you by telling you that you cannot work anymore because you engaged in the picket.

WE WILL NOT threaten to reduce your work hours because you engaged in union or other protected concerted activities.

WE WILL NOT threaten to discharge you unless you apologize for engaging in union or other protected concerted activities.

WE WILL NOT threaten you with unspecified reprisals by telling you to be careful about going to the Union and the San Francisco Living Wage Coalition.

WE WILL NOT interrogate you about your union or other protected concerted activities, including by asking why you included allegations of sexual harassment in the leaflets distributed during the picket.

WE WILL NOT threaten to initiate a lawsuit against you in retaliation for your union or other protected concerted activities.

WE WILL NOT demand that you produce documentation to establish that you are legally in the United States and are entitled to work, in retaliation for your union or other protected concerted activities.

WE WILL NOT threaten that Respondent OJS will lose its subcontract with Respondent Preferred because you engaged in union or other protected concerted activities.

WE WILL NOT place you under surveillance by taking photos and videos of you while you engage in union or other protected concerted activities.

WE WILL NOT remind you of your prior discharge in retaliation for your union or other protected concerted activities.

WE WILL NOT ask you if you know what you are doing, tell you to be careful, or tell you that the contract will be over, in retaliation for your union or other protected concerted activities.

WE WILL NOT tell you that your discharges are the result of your union or other protected concerted activities.

WE WILL NOT discharge or otherwise discriminate against you for engaging in union or other protected concerted activities.

WE WILL NOT cancel janitorial service contracts and/or subcontracts because employees engage in union or other concerted activities and do so with the intent and foreseeable effect of chilling the Section 7 activity of remaining employees.

WE WILL NOT discharge or otherwise discriminate against employees upon unlawfully canceling janitorial service contracts and/or subcontracts because employees engage in union or other concerted activities.

WE WILL NOT in any other manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

WE WILL, within 14 days from the date of this Order, offer Balbina Mendoza, Joel Banegas, Claudia Tapia, Yunuen Useda, Rosa Franco, Zenayda Flores, Juana Cruz, Carlos Cruz, and other similarly situated employees, full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions at any of the Respondent's contracted buildings, without prejudice to their seniority or any other rights or privileges previously enjoyed.

WE WILL make Balbina Mendoza, Joel Banegas, Claudia Tapia, Yunuen Useda, Rosa Franco, Zenayda Flores, Juana Cruz, Carlos Cruz, and other similarly situated employees whole for any loss of earnings and other benefits resulting from their unlawful discharges, less any net interim earnings, plus interest, and WE WILL also make such employees whole for any other direct or foreseeable pecuniary harms suffered as a result of the unlawful discharges, including reasonable search-for-work and interim employment expenses, plus interest.

WE WILL compensate the Balbina Mendoza, Joel Banegas, Claudia Tapia, Yunuen Useda, Rosa Franco, Zenayda Flores, Juana Cruz, Carlos Cruz, and other similarly situated employees for the adverse tax consequences, if any, of receiving lump-sum backpay awards, and file with the Regional Director for Region 20, within 21 days

2

of the date the amount of backpay is fixed, either by agreement or Board order, a report allocating the backpay awards to the appropriate calendar years for each employee.

WE WILL file with the Regional Director for Region 20, within 21 days of the date the amount of backpay is fixed by agreement or Board order or such additional time as the Regional Director may allow for good cause shown, a copy of each backpay recipient's corresponding W-2 form(s) reflecting the backpay award.

WE WILL, within 14 days from the date of this Order, remove from our files any reference to the unlawful discharges, and within 3 days thereafter, notify the Balbina Mendoza, Joel Banegas, Claudia Tapia, Yunuen Useda, Rosa Franco, Zenayda Flores, Juana Cruz, Carlos Cruz, and other similarly situated employees in writing that this has been done and that the discharges will not be used against them in any way.

RAFAEL ORTIZ D/B/A ORTIZ JANITORIAL SERVICES

The Board's decision can be found at www.nlrb.gov/case/20-CA-149353 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor Relations Board, 1015 Half Street, S.E., Washington, D.C. 20570, or by calling (202) 273-1940.



## APPENDIX B

EXPLANATION OF RIGHTS
POSTED, READ, AND MAILED BY ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

Employees covered by the National Labor Relations Act have the right to join together to improve their wages and working conditions, including by organizing a union and bargaining collectively with their employer, and also the right to choose not to do so. This Explanation of Rights contains important information about your rights under this Federal law. The National Labor Relations Board has ordered Rafael Ortiz d/b/a Ortiz Janitorial Services to provide you with the Explanation of Rights to describe your rights and provide examples of illegal behavior.

Under the National Labor Relations Act, you have the right to:
- Take action with one or more coworkers to improve your working conditions.
- Strike and picket, depending on the purpose or means used.
- Choose not to do any of these activities.

**It is illegal for your employer to:**
- Threaten to discharge you because you engaged in a lawful picket.
- Threaten to reduce your hours because you engaged in union activities or protected activities with your coworkers.
- Threaten to discharge you for statements made included in material distributed during the picket.
- Threaten you with retaliation by telling you to "be careful" about speaking with a union or other organizations dedicated to assisting individuals in the workforce.
- Question or interrogate you about your union or protected activities with your coworkers.
- Threaten to initiate a lawsuit against you in retaliation for your union or protected activities with your coworkers.
- Demand that you produce documentation to establish that you are legally in the United States and entitled to work in retaliation for your union or protected activities with coworkers.

- Threaten you that your union or protected activities with your coworkers would cause it to lose contracts.
- Spy on you while you are picketing by taking photos and videos of the picket.
- Reference a previous discharge in retaliation for union or protected activities with your coworkers.
- Tell you that your discharge is the result of your union or protected activities with coworkers.

**Illegal conduct will not be permitted.**

The National Labor Relations Board enforces the Act by prosecuting violations. If you believe your rights or the rights of others have been violated, you should contact the NLRB promptly to protect your rights, generally within 6 months of the unlawful activity. You may ask about a possible violation without your employer or anyone else being informed that you have done so. The NLRB will conduct an investigation of possible violations if a charge is filed. Charges may be filed by any person and need not be filed by the employee directly affected by the violation.

You can contact the NLRB's regional office located at 901 Market St Suite 400, San Francisco, CA 94103. Or you can contact the NLRB by calling (415) 356-5130.

The Board's decision can be found at www.nlrb.gov/case/20-CA-149353 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor Relations Board, 1015 Half Street, S.E., Washington, D.C. 20570, or by calling (202) 273-1940.

